THE PEOPLE, ex rel. MICHAEL H. SWIFT, Appellant, *v.* THE BOARD OF POLICE COMMISSIONERS OF THE POLICE DEPARTMENT OF THE CITY OF NEW YORK, Respondent.

Under the rules of the police department of the city of New York, providing that, in case testimony upon complaints against a member of the police force shall be heard by less than three commissioners it shall " be laid before and examined by the several commissioners before judgment thereon," it is not requisite that the testimony shall be examined by all the commissioners ; it is sufficient if the testimony be laid before and examined by the several commissioners constituting the board at a regular meeting thereof when a majority is present.

It is not essential under the statutes that all of the members shall be present at a meeting in order to give the board jurisdiction to act. (2 R. S. 555, § 27, as amended by chap. 321, Laws of 1874, § 46 ; chap. 410, Laws of 1882.)

(Argued June 17, 1885 ; decided June 26, 1885.)

THIS was an appeal from an order of General Term affirming the proceedings of the board of police commissioners of the city of New York, which resulted in the dismissal of the relator from the police force, which proceedings were brought up for review on *certiorari.*

The *mem.* of opinion is as follows :

" The police department was authorized to make rules for the government and discipline of the department, and one of

the rules provided that in case testimony upon complaints made against any member of the police force should be heard by less than three commissioners it should be ' laid before, and examined by the several commissioners before judgment thereon.' In this case the evidence was taken before one of the commissioners, and thereafter at a regular meeting of the board, when three only of the four commissioners were present, it was presented to, and considered by them, and they adopted a resolution that the charges against the relator were true, and that he be removed from the police force. This decision was affirmed at General Term, and the relator has appealed to this court, and claims that his removal from the police force was without jurisdiction and wholly void, because the evidence was not considered and action thereon taken by all the commissioners. He claims that the rule of the police department referred to required that the evidence should be laid before, and examined by the several commissioners, to-wit, all the commissioners. It was held by the General Term that it was sufficient to answer the requirement of this rule that the evidence was laid before, and examined by the several commissioners constituting the board at a regular meeting thereof; and we are constrained to adopt that construction. We can perceive no reason for supposing that it was intended by the rule to deprive the board, at any of its regular meetings, of jurisdiction to act upon such evidence, or that it was intended that all the commissioners should severally examine the evidence, while a majority of them at any regular meeting were vested with power by the statute to perform any act within the jurisdiction of the board. We think the language of the rule is satisfied with the construction given at the General Term, and that the interpretation of the rule by the board which made it, as evidenced by its practice thereunder, should have some weight.

" It is also claimed by the learned counsel for the relator that as the board of police commissioners consisted of four members, it was necessary that they should all be present at a meeting in order to give jurisdiction for any action whatever under section 27 (2 R. S. 555), which provides that ' whenever

any power, duty or authority is confided by law to three or more persons, and whenever three or more persons or officers are authorized or required by law to perform any act, such act may be done, and such power, authority or duty may be exercised and performed by a majority of such persons or officers upon a meeting of all the persons or officers so intrusted or empowered unless special provision is otherwise made.' But that section was amended by chapter 321 of the Laws of 1874, so as to authorize action by a majority, at a meeting properly held, of which all have had notice. It is also specially provided in the Consolidation Act (Chap. 410 of the Laws of 1882), section 46, that ' a majority of the members of a board in any department of the city government, and also of the board for the revision and correction of assessments, shall constitute a quorum to fully perform and discharge any act or duty authorized, possessed by or imposed upon any department or any board aforesaid, and with the same legal effect as if every member of any such board aforesaid had been present, except as herein otherwise specially provided.' And there is no special provision requiring all the police commissioners to be present upon the trial of any member of the force upon any charges presented against him. Therefore it was competent for the three commissioners, constituting a majority of the whole board, at any regular meeting, to take action upon the complaint made against the relator and the evidence relating thereto.

" We have carefully considered the evidence, and find it sufficient to justify the action of the commissioners, and we cannot, therefore, interfere with their determination.

" The order should be affirmed, with costs."

*D. C. Calvin* for appellant.

*D. J. Dean* for respondent.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.